JOHN KELLER, assignee of JOHN GEST, *against* JACOB LEIB, with notice to CHRISTIAN STEHMAN, Jr. terre-tenant.

### IN ERROR.

Trustee for the payment of debts, paid a judgment against the debtor, and took an assignment in writing on the back of the bond on which it was entered, expressed to be for value received, held that it was competent to prove by parol, that the assignment had been made to enable the trustee to enter satisfaction on it, and not to preserve it as a subsisting debt.

If evidence must be immaterial when given, the court ought to reject it.

If a trustee pay a judgment against the debtor out of the trust fund, it is as much satisfied as if the debtor had paid it, and there is no legal or equitable reason for keeping it in force.

The trustee cannot, by taking an assignment of it, when it is paid, make it available against the lands of the debtor, conveyed after it was entered; either for a good or valuable consideration: nor can it be made to cover any other debt or demand:

*Query.*—Whether such trustee can proceed on a judgment against the debtor, (purchased with his own funds,) by execution.

IN error to the District Court for the city and county of Lancaster.

This was a *scire facias post annum et diem,* brought by the plaintiff in error, who was also plaintiff below, to revive a judgment, which had been entered in the common pleas, at the suit of *John Gest,* &c. against *Jacob Leib.* The original judgment was entered on the 10th April, 1815, and the judgment which was sought to be revived by this *scire facias,* was entered to revive that judgment on the 22d November, 1819.

*Jacob Leib,* on the 2d May, 1818, conveyed by deed to *Christian Stehman,* the terre-tenant, and his son-in-law, one hundred and twenty-six acres of land, in consideration of twelve thousand and fourteen dollars, and natural love and affection; and on the 27th October, 1819, executed to *John Keller, John Leib* and *John Shober,* a deed of trust, for the use of his creditors, he being at that time largely indebted: but at the time of the deed to *Stehman,* the judgment in favour of *Gest,* and one other only existed against him. On the 2d of May, 1821, *John Keller,* one of the trustees, paid to *Gest,* the amount of this judgment out of the trust fund, and took an assignment of the bond, on which the original judgment was entered to himself; and it was expressed in the assignment to be for value received. On the 26th September, 1823, the trustees settled an account, in which they took credit for the amount of the debt, interest and costs, exceeding three thousand dollars, paid to *Gest,* on this judgment; stating however, on the face of the account, that the judgment was outstanding.

(John Keller, assignee of John Gest, *v.* Jacob Leib, with notice to Christian Stehman, Jr. terre-tenant.

The terre-tenant, who took defence, offered to prove by the deposition of *Gest,* that when the judgment was paid to him, *Keller* requested him to assign it to him, that he told *Keller* he had no objections, that he could enter satisfaction at Lancaster, as he was frequently there, and it was too far for the deponent to go for that purpose; that this would clear the estate, and the bond would be a voucher in his hands against the estate.   That he made the assignment to *Keller* solely for the purpose, and the reasons stated. This evidence was objected to by the plaintiff, but received by the court, and constituted one of the bills of exception assigned for error here.

After this evidence, and proof of the payment of the judgment to *Gest,* the assignment to *Keller,* and the account of the trustees had been given, the plaintiff offered to prove, that at the time of the deed to *Stehman, Leib* was largely indebted; that fifty acres, part of the land conveyed, was conveyed in consideration of natural love and affection.   This evidence was objected to by the defendant, and overruled by the court, and formed another bill of exception, assigned for error in this court.

The court charged the jury, that if they believed that the judgment was paid to *Gest,* out of the trust fund, in satisfaction of it, and that *Keller* took an assignment of it merely to enter satisfaction, the defendant was entitled to their verdict.   This, and the answers of the court to the points put, which it is not necessary to state specifically, was also assigned for error.

*Jenkins* and *Hopkins,* for the plaintiff in error, argued that the testimony of *Gest* went to contradict and destroy the assignment on the bond, which was positive in its terms, and contained a stipulation, that the assignor should not be liable, and that no case had gone the length of admitting such evidence.

That the evidence as to the consideration of the land conveyed, connected with the indebtedness of the grantor, should have been received.   It would have gone to avoid the deed, set up by the terre-tenant as a defence.  *Hayden* v. *Mentzer,* 10 *Serg. & Rawle,* 329.

If the trustee paid the money, and took the assignment for a purpose beneficial to the trust, he had a right to do so.  Here *Gest* had two funds, and the other creditors but one, and in equity, he would be constrained to seek satisfaction from that fund to which they could not resort.   The assignment taken, and this *scire facias* would, if the plaintiff prevailed, accomplish this equitable application of the funds.   *Dorr* v. *Shaw,* 4 *Johns. Ch. R.* 17.

The court declined hearing *Rogers, Norris* and *Frazier,* who were counsel for the defendant in error.

The opinion of the court was delivered by

Huston, J., (who recapitulated the facts of the case.)—As to the first bill we see no difficulty.   In New York, where the courts of

(John Keller, assignee of John Gest, *v.* Jacob Leib, with notice to Christian Stehman, Jr. terre-tenant.)

law are strict in rejecting parol evidence where there is written; yet there, evidence is constantly admitted to explain a receipt for money, and they have permitted a party to shew, that although a receipt was given in full for goods sold, yet in fact there was no money paid, but a note of a third person given, which was to be in full if paid. Our courts have done the same thing, *Leese* v. *James,* 10 *Serg. & Rawle,* 314. In cases of trust the courts will always permit the conduct of the trustee to be examined, and the real facts to be proved. The settlement by the three trustees, of whom *Keller* was one, showed a payment of this judgment by them all; the assignment appeared as if it had been by one. There are few cases in which the real state of the case cannot, by pleas or by proof, be brought before a court of law or equity; our courts exercise the powers of both.

As to the other exceptions—if evidence must be immaterial when given, the court ought to reject it. Now, if this judgment was satisfied, in fact and in law, the plaintiff, *J. Keller,* cannot recover any thing on it; if it is not satisfied, the lands of *Stehman* are bound by it, whether the conveyance to him by *Jacob Leib,* was fair or fraudulent; for a good and valuable consideration, or for no consideration. The counsel, aware of this, have discussed the matter on that point; and contended it, as if the assignment had been made to the three trustees, and the suit was for the use of creditors, and not of *Keller* alone. It is apparent, however, if this judgment is revived, so as to bind the land conveyed to *Stehman,* that they can and will sell not only the fifty acres said to be a gift, but the whole, for which he paid twelve thousand dollars cash; and the judgment would be conclusive against *Stehman,* as much for the one as for the other. There are creditors unpaid, and if there were any thing unfair as to them, in the conveyance by *Leib* to *Stehman;* if the fifty acres were a gift by a man deeply indebted, nay totally insolvent, it can be reached in another way.

But it is said, that where one creditor has two funds from which he can levy his debt, and another but one, chancery will compel the first to levy so as to leave property for the other. This is true sometimes: where the creditors and the debtor alone are interested, it is generally the case; but where another person is interested, and may be affected, it is not always true, and if that other person be an innocent purchaser for a valuable consideration, it will not be easy to find a case in which chancery has interfered to affect him. (See 1 *Johns Ch. Rep.* 226, and, I believe, every other book and case on the subject.) I have said if the conveyance complained of be fraudulent, it can be reached directly by those interested; and we are of opinion, that the attempt, in the present case, is not likely to eventuate in doing justice. If the judgment of *Gest* was paid off by the trustees, out of the trust fund, it is as much satisfied

.(John Keller, assignee of John Gest, *v.* Jacob Leib, with notice to Christian Stehman, Jr. terre-tenant.)

.as if it had been paid off by *J. Leib.* They represent him, and can no more pay a judgment, and yet keep it in force than he could.  If he had paid this judgment as surety, or if they had paid it for him, as surety or endorser, it might be used to reach the principal debtor: but when the real debtor pays a judgment against himself, or his trustees pay it with the trust fund, I can see no legal reason for keeping it in force, nor any equitable one.

It is, says chancellor *Kent,* in 4 *Johns. Ch. Rep.* 247, a sound and settled rule, that the penalty of a bond cannot be made to cover .any other debt or demand, than that mentioned in the condition, (and he cites 2 *Caines Rep.* 286,) and proceeds, there could not be .a more dangerous, and there certainly is not a more inadmissable pretension, than that the parties to a judgment may keep it on foot, .after the original debt has been paid, to meet and cover new and distinct engagements between them.  And he adds, that although in that case, the judgment had been revived, under the pretence that it was unsatisfied, at least, in part, and executions had issued on it, by the assignee, to recover the alleged balance, yet the assignee, if he took it, took it at his peril.  And that whatever might be the case as to strangers who purchased property under it, yet the assignee of it purchases it at his peril, and he was decreed to be a trustee, and compelled to release.  Another part of this case settles the question as to the admissibility of the evidence in the first bill.

A question almost the same as that before us, was decided by the Supreme Court of this State, and is reported in *Kuhn* v. *North,* 10 *Serg. & Rawle,* 399, in it, also, the question in the first bill seems to be settled.  There, one of the assignees of an insolvent paid off a judgment, and charged the estate of the insolvent with the payment and the sheriff's officer endorsed satisfaction on the writ.  On the next day, the assignee procured the judgment to be assigned to him; prevailed on the officer to erase the satisfaction endorsed on the writ, and gave it to another deputy of the sheriff to execute.  The court decided, that an assignee who pays off a debt against the insolvent with his own money, may take an assignment of the judgment and proceed by execution; but if he pays off the debt with the trust funds, the judgment is satisfied, and the officer who executes process is a trespasser.

The point was not made, and therefore, I do not consider this as a deliberate opinion, whether such assignee can proceed on a judgment purchased with his own funds, by execution.  I agree he may retain for his judgment in proportion with others, but I doubt whether he can proceed by execution, and sue and buy in, the trust property for himself—if so, a trustee by purchasing a judgment, may make strange work of it.

The District Court, then, were right in all the points, and the judgment is affirmed.                                    Judgment affirmed.